BULLARD & HOAGLAND V. C. L. CHAFFEE.

FILED DECEMBER 18, 1900.   No. 11,522.

Garnishment: RESIDENCE OF CREDITOR. It is the settled doctrine of this court that one can be garnished only in the state where the debt is payable, if that be the place of residence of his creditor.

ERROR from the district court for Douglas county. Tried below before SLABAUGH, J. *Affirmed.*

*Ed. P. Smith,* for plaintiffs in error.

*Martin Langdon, contra.*

NORVAL, C. J.

This is an error proceeding brought to review a judgment of the district court of Douglas county. The cause was submitted on an agreed printed abstract of the record in pursuance of section 1, rule 2. The brief of counsel for plaintiff contains a very clear and concise statement of the case, which we adopt: "Bullard & Hoagland is a partnership carrying on a retail lumber business in Omaha. William Cameron & Co. are wholesale dealers in lumber located at Waco, Texas, and carrying

on business from that point. C. L. Chaffee is also a dealer in lumber, residing and doing business in Omaha. Bullard & Hoagland brought suit in justice court of Douglas county against Cameron & Co., to recover damages for the failure of Cameron & Co., to deliver certain lumber sold to Bullard & Hoagland. An affidavit for an attachment was filed on the ground that Cameron & Co. were non-residents of the state of Nebraska, and C. L. Chaffee was garnisheed as having money in his hands or as being indebted to Cameron & Co. Service was had on Cameron & Co. by publication. Chaffee appeared in answer to the garnishment summons and his examination disclosed that he was indebted to Cameron & Co. in an amount exceeding the claim of Bullard & Hoagland, but he also testified that the money which he owed Cameron & Co. was payable in Waco, Texas. On this showing the justice dismissed the action for want of jurisdiction and released the garnishee, holding the money was not subject to garnishment. The case was then carried to the district court, and in that court Chaffee filed objections to the jurisdiction of the court over the fund on the ground that the same was payable in Texas. The district court sustained the objections and released the garnishee. From this order releasing the garnishee, these proceedings in error are prosecuted."

One question is presented for consideration, viz.: Can a debtor be garnished in this state, if the debt he owes is payable in another state, his creditor also being a resident in that other state? The brief of plaintiff very ably presents the arguments which go to sustain the affirmative of this proposition, and decisions of courts which adhere to that rule are carefully collated and presented. On the proposition there is a conflict in the decisions. Were the questions open to discussion in this state, it would be a pleasure for us to amplify upon the subject, but, unfortunately for plaintiff, this court has adopted the opposite rule, and, as it can be upheld by both reason and authority, it is not the inclination of the

court to change it. Both views have their advantages
and defects, as will appear in the elucidation of the mat-
ter. The leading case in this state is *American Central
Ins. Co. v. Hettler*, 37 Nebr., 849, the opinion being by
MAXWELL, C. J. The action was begun in Saline county
by the holder of an insurance policy, to recover for loss
under its terms. The defendant set up in its answer that
its principal place of business was in St. Louis, Missouri;
that it had a regularly appointed agent in Chicago, Illi-
nois, also one in Crete, Nebraska; that by the terms of
the policy any loss under it was payable at Crete; that
after the loss the company was garnished in Chicago, in
a suit commenced there against Hettler, plaintiff in that
action, service being had on him by publication; that it
had answered in said garnishment proceedings, admit-
ting that it owed Hettler, but that judgment had not yet
been rendered in the case. Under this state of facts we
held that the Illinois court had no jurisdiction to enter-
tain garnishment proceedings against the company; that
the debt being payable in Crete, Nebraska, that being
the place of residence of the principal debtor, there was
no money or property of his in the hands of the insurance
company in the state of Illinois subject to garnishment
proceedings; and in so holding we but followed other
decisions of this court. *Mathews v. Smith*, 13 Nebr., 178;
*Wright v. Chicago, B. & Q. R. Co.*, 19 Nebr., 175; *Turner v.
Sioux City & P. R. Co.*, 19 Nebr., 241. Decisions of other
states upholding the same rule are easily obtainable.
*Hamilton v. Plumer*, 34 N. W. Rep. [Mich.], 278; *Louisville
& N. R. Co. v. Dooley*, 78 Ala., 525; *Taylor v. Life Ass'n*,
13 Fed. Rep., 493. No doubt, objection can be made to
this rule. It is possible that under it no garnishment
of a debt can be had where the debtor and creditor live
in different states, the debt being payable in the state
wherein the creditor is resident. Of course, it does not
follow from that fact that the creditor of such a creditor
is remediless. However, the opposite rule has also its
drawbacks; quite as objectionable, obviously, as the rule

already adopted by this court. Some of the difficulties encountered in these jurisdictions are well represented in one of the cases cited by counsel for plaintiff, as the court found itself involved in a case where questionable application of legal maxims must be resorted to to save a garnishee from paying his debt twice, the case being *Lancashire Ins. Co. v. Corbetts*, 165 Ill., 592, 36 L. R. A., 640. The court, while it announced the law to be that a debt could be garnished in any jurisdiction where the garnishee might be sued by his creditor, recognized the difficulty mentioned, and, because the court of another state already rendered garnishment judgment against the garnishee in a suit instituted by another creditor of its creditor, refused to sustain a judgment rendered in favor of the plaintiff in the action decided by it. This, although the justice who wrote the opinion conceded that the rule, that where courts have concurrent jurisdiction the one first acquiring jurisdiction will retain it until the matter is finally disposed of, does not apply to courts in different states. The court obviously rested its decision on the doctrine that the garnishee is not to be placed in any worse position by the garnishment than he occupied as the debtor of the principal defendant. The court further disclaimed that to refuse to render judgment against the garnishee was to discriminate against its own citizens, but asserted that, as the citizens of that state had the same facilities for obtaining judgment and satisfaction as the citizens of other states, the maxim, *Qui prior est tempore, potior est jure,* was applicable. The decision seems also to have been rested somewhat upon the doctrine of comity between states, whereby the judgments of the courts of one state are recognized by those of other states. Unfortunately, sometimes, for litigants, courts refuse to set aside the doctrine that the courts will protect the rights and interests of citizens, even at the expense of the rights and interests of the citizens of other states, or to hold that such doctrine must give place to the maxim that he who is first in time

is strongest in right. Hence, from this conflict of law has flowed the evil occasionally, that a debtor has, by garnishee process, been compelled to pay his debt twice, notwithstanding the rule that the garnishee is not to be placed in any worse position by garnishment process than he would occupy as debtor of the principal defendant. While we are not entirely satisfied with the doctrine to which this court is committed, we are constrained to adhere to that rule, that a debtor can be garnished only in the state where the debt is payable, if that be the place of residence of his creditor, as long as it appears that no greater evils can flow from it than from the one holding that the garnishment process may issue in any jurisdiction where the garnishee may reside, regardless of the place where his debt may be payable, or his creditor may reside. It is true that our holding prevents garnishment process from issuing where a debtor resides in this state, his debt being payable in another state, the latter being the place of residence of his creditor; but that is a defect in the law readily remedied by legislative enactment.

The order of the district court is

AFFIRMED.