STEPHEN HADACHECK V. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY.

FILED SEPTEMBER 20, 1905. No. 13,887.

Judgments of Sister States: GARNISHMENT. The supreme court of the United States has exclusive final jurisdiction over the subject of the effect to be given in each state to the records and judgments of courts of sister states, and that court has held that a judgment in garnishment in one state is a bar to an action by the principal

defendant against the garnishee to recover the same debt in the state of the residence of the former. *Chicago, R. I. & P. R. Co. v. Sturm*, 174 U. S. 710..

ERROR to the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*A. D. McCandless* and *W. H. Ashby,* for plaintiff in error.

*J. W. Deweese, Hazlett & Jack* and *Frank E. Bishop,* contra.

AMES, C.

This is a proceeding in error to reverse a judgment for the defendant in the district court. The plaintiff had been employed as a laborer in this state by the defendant, and had been discharged from such employment on the 19th day of December, 1902, when there was due him as wages, earned within the then next preceding 60 days, the sum of $58.20, to recover which this action was brought. In the preceding April an action had been begun against the plaintiff in a justice's court in the state of Missouri, in which an attachment had been issued, and the defendant railway company served with process of garnishment as his debtor. To this process the company answered that it was not indebted to the defendant therein except for wages earned by him as a laborer within the then next preceding 60 days, which were exempt to him under the laws of Nebraska, the state of his residence. On the 12th day of April, 1902, the plaintiff also appeared in the Missouri court by plea and affidavit, setting forth the same matters contained in the answer of the company, and concluding with a prayer "that said moneys so attached be released." This prayer was granted by the court; but three days later the action proceeded to trial and a judgment in favor of the plaintiff therein for the sum of $98.96. This judgment has never been impeached or satis-

fied, and a duly authenticated transcript of it, as well as of subsequent proceedings thereon, was offered and received in evidence in this case. On December 9, 1902, an execution upon it was issued, and new proceedings in garnishment were instituted against the company, which made answer to the like effect as that already recited, and the judgment defendant also appeared and moved to quash the proceeding, upon the ground that the judgment was void for want of jurisdiction over his person. Both objections were overruled by the court on the 19th day of December, and a judgment in the usual form was rendered for the recovery by the plaintiff in that action against the company of the sum of $58.20, being the same money and for the identical indebtedness in dispute in the present suit. This latter mentioned judgment has not been in any manner impeached, but was satisfied and discharged by the company by payment, and the record and proceedings in the Missouri court were pleaded and proved in bar in this action.

In the face of the decision of the supreme court of the United States in *Chicago, R. I. & P. R. Co. v. v. Sturm*, 174 U. S. 710, it cannot be contended that the judgments set out in the answer are subject to collateral attack, or that they are not an effectual bar to the present suit. That court has exclusive final jurisdiction over the subject of the effect to be given in each state to the rcords and judgments of courts of sister states. The case before us is identical in all essential respects with that cited, in which it was held that a judgment in garnishment in the state of Iowa was a bar to an action by the principal defendant against the garnishee to recover the same debt in the state of Kansas where the former resided. Nothing would be gained by repeating here the reasons given by the court in its opinion for reaching such conclusion. The matter is settled beyond criticism or cavil, and we recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.