[No. 6766.  Decided September 28, 1907.]

RHODIA E. DAVIE, *Respondent,* v. JOHN T. DAVIE, *Guardian of Everett Davie, a Minor, Appellant.*[1]

GIFTS—CAUSA MORTIS—INTENTION—DELIVERY—EVIDENCE — SUFFICIENCY. The evidence is sufficient to show intention to make a gift *causa mortis* and delivery, where it appears that, after a protracted illness, and four or five days before his death, the donor and his wife contracted to sell land, making a deed to be placed in escrow until full payment, and that the donor stated that the papers were his wife's, that he would give them to her to be placed in escrow in her name, so that if anything should happen to him she would have a home, and on the same day the papers were handed to his wife; there being no evidence of undue influence, and no creditor complaining thereof.

SAME—PROPERTY SUBJECT—LAND—FRAUDS, STATUTE OF. A gift, *causa mortis,* of a contract for the sale of land, deed for which was executed by the donor and placed in escrow until full payment, is not an oral gift of real estate or void under the statute of frauds, but is to be treated as personal property, being simply the proceeds from the sale.

[1]Reported in 91 Pac. 950.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., in probate, entered December 8, 1906, in favor of the plaintiff, confirming the action of an administratrix in omitting to include certain real property in her inventory. Affirmed.

*Munter & Lovejoy*, for appellant.

*W. D. Scott*, for respondent.

ROOT, J.—One William Davie died intestate, in the city of Spokane, leaving a widow, respondent Rhodia E. Davie, whom he had married about a year previously, and a minor son by a former wife, Everett Davie. The widow was appointed administratrix and the appellant, John T. Davie, was appointed guardian of the minor. The administratrix filed her inventory, but failed to include therein certain real estate which it is claimed by appellant the decedent owned at the time of his death. Upon appellant's petition, citation was issued requiring respondent to show cause why said real estate should not be included in the inventory. To this an answer was made, whereupon a hearing was had, which resulted in findings and conclusions and a decree in favor of the widow. From said decree this appeal is prosecuted.

The evidence shows that, after a protracted illness, and some four or five days before his death, said William Davie and his wife executed a contract for the sale of said real estate to one Tipton, and at the same time executed a deed of conveyance of said real estate to said Tipton, which deed was to be held in escrow until the payments called for by the contract should be made. Negotiations leading up to the sale had been pending several months. The contract and deed appear to have been prepared by one Boyd, who was a partner in the real estate business with Tipton, and who was present when the papers were signed and acknowledged. In regard to the transaction, Mr. Boyd, among other things, testified: "After the contract and deed were executed, I

asked Mr. Davie what was to be done with the papers, to which Mr. Davie replied: 'It is hers. I will give them to her. She will come down and place them in escrow in her name, so that she can handle it.' In the course of the conversation he stated: 'If anything happens to me, it will leave the widow in pretty good shape. It will leave her a home.' "

It appears that Mrs. Davie placed the papers in escrow in accordance with said suggestions of Mr. Davie. The latter had signed the papers while in bed and quite sick, and lived but four or five days thereafter. Another witness, one Johnson, a notary public, who was present when Mr. Davie signed these papers, and who took the acknowledgment of Davie and wife, testified among other things, as follows: "He made the remark that if anything should happen to him, he said: 'My widow' or 'my wife will have a home.' " Mrs. Davie was upon the witness stand and testified to the papers being signed, and was asked: "At that time what was done with the papers?" Answer: "They were handed to me at that time, that day— it was on the afternoon of the 28th of March, and the next day I took them up and had them put in escrow as I was told to do." She was asked as to what was said at the time, but objection being made, she was not permitted to state.

It is urged by the appellant that the evidence is not sufficient to establish a gift; that there is no sufficient evidence of a delivery; that the attempt to make a gift was the result of undue influence, and that it was an attempt to make a gift of real estate, which could not be done orally.

We think, under all the circumstances of this case, that the evidence shows an intention of the decedent to make a gift causa mortis. No creditor is complaining. No one appears to be interested except this minor child. Other property was left by the decedent. There are no circumstances shown in connection with the case to cast thereupon any suspicion of undue influence, fraud, or misrepresentation. It would seem to be but a natural thing for a man in the expectation of near

approaching death to make a gift of this kind to his wife. In *Phinney v. State ex rel. Stratton*, 36 Wash. 236, 241, 78 Pac. 927, this court said:

"It is now conceded by all modern authority that every species of personal property capable of delivery, either constructive or actual, may be the subject of a gift *mortis causa*."

In the same case, it was said, touching the question of delivery:

"But, in the very nature of business transactions of this kind, this delivery must frequently be constructive. The nature and circumstances surrounding this case necessitated a constructive delivery. The subject of the gift was not available. . . . So that, in justice and common sense, it seems to us that the delivery was complete; and that the will of the deceased ought not to be thwarted by any technical construction or definition of delivery."

This language is applicable here. Decedent was giving the proceeds from the sale of the land to be paid upon, and according to the terms of, the contract. There was no way of making a delivery except by placing in her possession the written contract and escrow deed, which was done. We think this was sufficient.

With the contention that this was real estate and could not be legally made the subject of an oral gift, we cannot agree. Decedent and his wife had made a contract to sell this property. They had executed a deed to be held in escrow to be delivered when the purchaser should complete his payments as called for in said contract. Having done this, the interest in the real estate became such as is ordinarily treated as personal property in matters of administration. He was virtually giving her the proceeds coming from the sale. In the case of *Griggs Land Co. v. Smith*, 46 Wash. 185, 89 Pac. 477, this court said:

"But in the case at bar, the owner of the land had made a contract to convey and he could leave to his heirs only the interest then owned, which was virtually but the right to the

proceeds—the holder of the contract being entitled to have the land conveyed to him upon paying the purchase price. In such cases the courts have treated the property, for purposes of administration, as personal rather than real. A recognition of this doctrine may be found in *Hyde v. Heller*, 10 Wash. 586, 39 Pac. 249."

See, also, *Gibson v. Slater*, 42 Wash. 347, 84 Pac. 648; *Noble v. Whitten*, 38 Wash. 262, 80 Pac. 451; *Guinan's Appeal*, 70 Conn. 342, 39 Atl. 482; 26 Am. & Eng. Ency. Law (2d ed.), pp. 721-726; 14 Am. & Eng. Ency. Law (2d ed.), pp. 1063, 1068; 7 Am. & Eng. Ency. Law (2d ed.), p. 471; 9 Cyc. 826; 7 Current Law, p. 1881.

We think the decree of the trial court should be affirmed, and it is so ordered.

HADLEY, C. J., RUDKIN, DUNBAR, CROW, FULLERTON, and MOUNT, JJ., concur.