DODGE COUNTY ET AL., APPELLANTS, V. WILLIAM S. BURNS ET AL., APPELLEES.

FILED JUNE 13, 1911. No. 16,450.

Taxation: INHERITANCE TAX: CREDITS OF NONRESIDENT. The right to take by will a credit payable in the state of New York, but evidenced by a contract of sale for real estate within Nebraska, executed by the vendor and at all times during his lifetime retained in his possession at his residence in the state of New York, is not, in the absence of extraneous facts, which do not appear in the instant case, subject to an inheritance tax upon the death testate of the vendor.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*John W. Graham, A. Van Wagenen* and *J. A. Van Wagenen,* for appellants.

*C. E. Abbott* and *F. Dolezal, contra.*

ROOT, J.

This is a controversy between certain counties in the state of Nebraska and the legal representatives of Ira Davenport, who in 1904 died testate a resident of the state of New York, over an inheritance tax. The representatives prevailed, and the counties appeal.

Ira Davenport at the time of his death had been for many years a resident of the state of New York, but owned land in the state of Nebraska. He also owned shares of stock in Nebraska corporations, and, as vendor, held contracts for the sale of real estate within this state. Subsequent to Davenport's death, his representatives paid an inheritance tax on the transfer of the title to the real estate and to the corporate stock. The taxing authorities of the state of New York levied a like tax upon the succession to the credits evidenced by the real estate contracts. In all of the proceedings leading up to this appeal, the taxing

officers and the courts refused to tax the succession to these credits. We have not discovered any of these contracts or a copy thereof in the bill of exceptions, nor is the substance of any of them stated in or proved by the evidence. Counsel for the respective litigants, however, agree in their presentation of the case that we should consider the subject in dispute as though the contracts were real estate mortgages, and we therefore shall confine the discussion to that point of view.

The appellants succinctly state the issue: "The question in this case is this: Does a debt owed by a resident of Nebraska to a nonresident, a duplicate of the contract evidencing the indebtedness being situated in the state of Nebraska, have such an existence or situs in this state as will make it liable to the imposition of the inheritance tax?" The case of *Chicago, R. I. & P. R. Co. v. Sturm.* 174 U. S. 710, is cited to sustain the contention that the obligation of the debtor is a thing within the state of his domicile sufficient to sustain an action *in rem* by way of attachment and garnishment, although the debt is payable in a foreign jurisdiction wherein the creditor resides. Assuming this principle of law to be correct, it is argued that, if a debt or the debtor's obligation to pay his debt is property within the state of his residence for the purposes of attachment and garnishment, it also there abides as property within the meaning of section 10706, Ann. St. 1903, which, among other things, provides that "all property, real, personal and mixed, which shall pass by will or by the intestate laws of this state from any person who may die seized or possessed of the same while a resident of this state, or, if decedent was not a resident of this state at the time of his death, *which property or any part thereof shall be within this state,* * * * shall be and is subject to a tax at the rate," etc. (The italics are ours.) To the mind of the writer of this opinion the logic is sound, but we are confronted by our former decisions which compel a contrary conclusion.

In 1886, in the case of *Wright v. Chicago, B. & Q. R. Co.,*

19 Neb. 175, we held that a debt not payable in this state could not be seized by garnishing the debtor in this state. Subsequently, in 1893, we held in *American Central Ins. Co. v. Hettler*, 37 Neb. 849, that a debt due a resident of Nebraska from a Missouri insurance company maintaining a general office in Illinois could not be reached by attachment and garnishment proceedings in the state of Illinois. Thereafter, in 1900, in *Bullard & Hougland v. Chaffee*, 61 Neb. 83, on the authority of the last-cited cases, it was decided that "it is the settled doctrine of this court that one can be garnished only in the state where the debt is payable, if that be the place of residence of his creditor."

Notwithstanding the fact that we have refused to require a resident debtor to pay his creditor's creditor a debt payable in a sister state, we have given full faith and credit to the judgment of the courts of our sister states holding to the contrary. *Chicago, B. & Q. R. Co. v. Moore*, 31 Neb. 629; *Singer Mfg. Co. v. Fleming*, 39 Neb. 679; *Hadacheck v. Chicago, B. & Q. R. Co.*, 74 Neb. 385. We therefore are in the position of extending to nonresidents the benefit of their local exemptions, of refusing to assist a local creditor to collect his claims against a nonresident debtor, and at the same time of sustaining foreign judgments which seize debts payable to the citizens of Nebraska. And so it is that, had a creditor of Ira Davenport in that gentleman's lifetime brought an action aided by attachment in Dodge county and by garnishment proceedings had sought to compel the vendees to pay into court the matured and unpaid purchase money on these contracts to satisfy his claim, the courts would have refused him relief. Can it be that this property which was without the state during the testator's natural lifetime was by the process of his mortal dissolution imported into this commonwealth? We think not. We do not forget that for the purpose of satisfying creditors simple debts due from a resident of Nebraska to Ira Davenport would support an administration of his estate in the proper probate court of this state, but these are not simple debts. These written

solemn obligations have never been within the state, but at all times since their execution have been in the possession of the vendor in the state of New York or in that of his legal representatives appointed by the surrogate court of that state. There are no Nebraska creditors of the Davenport estate, nor any other unsatisfied creditors. There is no proof of facts in the record to give the capital represented by these contracts a local situs, nor do we think that any significance should be attached to the fact that each vendee has in his possession within the state of Nebraska a copy of the contract of sale. That copy is the vendee's muniment of a title, to which no representative of Ira Davenport succeeds.

If the facts established by the evidence in this case call for an application of the inheritance tax law, real estate mortgages, if of sufficient value, held by nonresidents of Nebraska are subject to that tax upon the death of their owner. The tax is imposed by the statute, although its amount is to be ascertained by facts not reflected from the recitals in the mortgage deed. The tax becomes a lien immediately upon the death of the individual in whom the property was vested at the time of death, and continues for at least five years. The executors and administrators are also liable for this tax, whether they reserve funds of the estate to pay it or not. To hold that the right to succeed to the title to mortgage credits payable to a nonresident in a sister state or in a foreign country is subject to our inheritance tax law will cloud the title to many tracts of land within this state, will involve executors of the wills of nonresident testators in controversy, and subject them and their bondsmen to an unexpected liability, to which they may with difficulty in some instances respond. Of course, if the legislature intended the law to be thus construed, the fact that to do so will work a hardship in some instances is not a good reason for refusing to so apply it; but, if it is probable that the legislature did not intend to give this property a local situs for the purpose of taxation, the argument is entitled to some consideration. At their

last session the legislature by enacting senate file 271 (laws 1911, ch. 105) provided that real estate mortgages and contracts like those considered in the instant case, executed subsequent to July 1, 1911, shall for the purposes of taxation have a situs in Nebraska, and directs the taxing officers to separately value and assess such property. It seems to us this legislation in a sense construes the inheritance tax law as contended for by the appellants.

A consideration of this legislation and of *Wright v. Chicago, B. & Q. R. Co., American Central Ins. Co. v. Hettler,* and *Bullard & Hoagland v. Chaffee, supra,* convinces us that the district court was right, and its judgment therefore is

AFFIRMED.

FAWCETT, J., not sitting.