LARSON v. DUBUQUE FIRE & MARINE INSURANCE CO.

1. COURTS—JURISDICTION OVER NONRESIDENTS.

The court cannot obtain jurisdiction over a nonresident unless he owns or has an interest in property within the State, and then only to the extent of such property or interest.

2. SAME—INTEREST IN FUND.

Where drafts in payment of a loss by fire were made payable to a nonresident mortgage trustee and others, and were indorsed to plaintiff, who deposited them in a bank and received the proceeds, and the mortgage trustee claims that his indorsement is a forgery and the bank has demanded repayment, the mortgage trustee has no such interest in the fund so received by plaintiff as to give the court jurisdiction over him in a suit to determine the ownership thereof.

3. CORPORATIONS—RESIDENCE IS IN STATE WHERE INCORPORATED.

The residence of a corporation is exclusively in the State of its creation, and not in the State where it may be licensed to do business.

4. COURTS—JURISDICTION—SITUS OF DEBT.

Where both debtor and creditor are nonresidents, and the transaction which gave rise to the debt took place in another State, where it is payable, the *situs* of the debt is not within this State, and therefore personal service upon the debtor would not give the court jurisdiction thereof.

5. SAME—DRAFTS IN PAYMENT OF DEBT NOT PROPERTY.

The drafts in payment of a debt in the hands of a bank in this State are not such property as will give the court of this State jurisdiction of the debt, which has its *situs* in another State.

Appeal from Wayne; Lamb (Fred S.), J., presiding.

[1]Courts, 15 C. J. § 85; [2]Id., 15 C. J. § 85; [3]Corporations, 14a C. J. § 3933; [4]Courts, 15 C. J. § 100 (Anno); 67 L. R. A. 209; L. R. A. 1915F, 880; 27 A. L. R. 1396; 12 R. C. L. 819; 2 R. C. L. Supp. 1490; 5 R. C. L. Supp. 655; 6 R. C. L. Supp. 724; [5]Id., 15 C. J. § 90.

Submitted January 27, 1927.   (Docket No. 33.)   Decided April 1, 1927.   Rehearing denied June 6, 1927.

Bill by Clarence Larson, doing business as the Larson Realty Company, against the Dubuque Fire & Marine Insurance Company and others to determine the ownership of certain drafts.   From an order granting a motion to dismiss, plaintiff appeals.   Affirmed.

*Shapero & Shapero (Harold M. Shapero*, of counsel), for plaintiff.

*Friedman, Meyers & Keys*, for defendants.

McDONALD, J.   This is an appeal from an order of the Wayne circuit court dismissing the plaintiff's bill on motion of the defendants Dubuque Fire & Marine Insurance Company and the National Reserve Insurance Company.

Jerome S. Nadell and Ethel R. Nadell, his wife, were owners of an apartment house in the city of Chicago.   They executed a trust mortgage to the defendant Firebaugh, as trustee, for the holders of certain bonds aggregating $125,000.   The property was insured by defendants Dubuque Fire & Marine Insurance Company, an Iowa corporation, and the National Reserve Insurance Company, an Illinois corporation.   A fire occurred and the insurance companies agreed to pay the loss, which was adjusted at $4,000.   An agreement was made between the Nadells and Firebaugh, the mortgage trustee, that Nadell should repair the loss at his own expense, and that, when the checks or drafts were received from the insurance companies, Firebaugh would indorse them to Nadell in payment for the amount expended by him in repairing the loss.   The loss was repaired and paid for by Nadell.   The insurance companies issued

four drafts in payment of the loss, and made them payable to Jerome Nadell, Ethel R. Nadell, Russell Firebaugh, and Hall, Whitaker & Jackson. These drafts bear the indorsement of all of the payees, and also that of one M. E. Burnstein and one George Nadell. Firebaugh claims that he did not indorse the drafts, and that what purports to be his indorsement is a forgery. The drafts thus indorsed came into the possession and ownership of the plaintiff for a valuable consideration. He indorsed them and deposited them with the National Bank of Commerce of Detroit for collection. In due course they were paid and plaintiff received the · money. Subsequently, Firebaugh claimed that his indorsement was a forgery and sent an affidavit in support of his claim to the National Bank of Commerce at Detroit. At the same time, and at his request, the insurance companies drew upon the bank for the amount of the drafts; and the bank demanded of plaintiff that he return the $4,000. The plaintiff thereupon filed this bill, gave a bond for $4,000 to protect the defendants, and obtained an injunction impounding the drafts and enjoining the defendants from attempting to collect the $4,000 which he received from the bank. The purpose of the bill is to determine the rights of the respective parties to the fund in his hands.

Personal service of process was had on the Dubuque Fire & Marine Insurance Company, the National Reserve Insurance Company, George Nadell, and the National Bank of Commerce of Detroit. Substituted service was had upon all of the other defendants. The insurance companies appeared and moved to dismiss the bill on two grounds:

(1) The court has no jurisdiction of the controversy.

(2) Plaintiff has a full, complete, and adequate remedy at law.

An order was entered dismissing the bill. The plaintiff has appealed.

The issue in this case is raised by the claim of defendant Firebaugh that his indorsement on the drafts in question is a forgery. It necessarily involves a determination of his rights. He is not a resident of this State, and therefore cannot be reached by service of Michigan process. The court cannot obtain jurisdiction over him unless he owns or has an interest in some property within the borders of this State, and then only to the extent of such property or interest. The plaintiff claims that Firebaugh has an interest in property within the jurisdiction of the court, and that it consists of *first,* a fund amounting to $4,000 in the hands of the plaintiff, or, *second,* a debt due from the insurance companies, or, *third,* the drafts which have been impounded by the court.

We do not think that there is any fund which can form the basis for jurisdiction. Whether the plaintiff has a fund of $4,000 in his hands does not appear, and if he has it is a fund in which defendant Firebaugh has no interest. The plaintiff received $4,000 from the National Bank of Commerce in payment of drafts to which he had no title if Firebaugh's indorsement was a forgery. If it was, he owes the bank $4,000. If this could be called a fund, Firebaugh has no interest in it and has made no claim against it.

The plaintiff's second basis for jurisdiction presents the real question in this case. It is his contention that the *situs* of the debt is in Michigan, and that personal service upon the debtors in this State gives the court jurisdiction of the debt, so that a decree in respect to it would be binding on Firebaugh. The debtors are not residents of this State. Their exclusive residence is in the State where they were incorporated.

"It is abundantly established by the decisions of the Supreme Court of the United States that, no matter what business a corporation does in another State, its residence is exclusively in the State of its creation." *Reimers* v. *Seatco Manfg. Co.*, 70 Fed. 573 (30 L. R. A. 364), and cases therein cited.

If the debtors were residents of this State there could be found much authority to support the contention of counsel. In *Newland* v. *Wayne Circuit Judge*, 85 Mich. 151, a garnishment case, the jurisdiction was upheld solely on the ground that the debtors were residents of Michigan. The plaintiffs and the principal defendants were nonresidents. This rule that, for the purpose of garnishment and attachment, the *situs* of the debt is the domicile of the debtor, has been qualified by some of the courts; the controlling factor in their decisions being the place where the debt is payable if that be the place where the creditor resides. *Bullard* v. *Chaffee*, 61 Neb. 83 (84 N. W. 604, 51 L. R. A. 715), and cases cited in notes to *Goodwin* v. *Claytor*, 67 L. R. A. 209. In *Drake* v. *Railway Co.*, 69 Mich. 168 (13 Am. St. Rep. 382), the fact that the creditor, who was the principal defendant, was a resident of Indiana, and that the debt was payable there, had an important bearing in leading to the conclusion that the courts of Michigan had no jurisdiction. But applying either the principle of *Newland* v. *Wayne Circuit Judge, supra,* or as qualified by the other cases mentioned, to the instant case, it will appear that the *situs* of this debt was not in Michigan. None of the parties except the plaintiff are residents of this State. The creditor is a resident of Illinois. The entire transaction which gave rise to the debt took place in that State and it was payable there. The debtors' domicile was in the States where they incorporated and not in Michigan. The fact that they were licensed to do business in this State did not effect a change in their residence or

carry to Michigan the *situs* of the debt which they owed a resident of Illinois.

In *Reimers* v. *Seatco Manfg. Co., supra,* Mr. Justice Taft, in delivering the opinion for the court, said:

"It may be conceded that, under the statutes of Michigan, a corporation of another State which assumes to do business in Michigan subjects itself, through its agents in that State, to service of process by garnishment. But this does not determine the question whether the creditor of such a corporation is affected by this fact so that the debt owing is given a locality and *situs* within the State lines of Michigan, such as to permit the courts of Michigan under general principles of international law and the Constitution of the United States, to seize the debt. The debt was not payable in Michigan, but in Washington. * * * But we are of opinion that a nonresident creditor cannot have his property in the debt seized in the State to which the debtor may resort, not for purposes of residence, but merely for the purpose of doing business through agents, when the claim arose on a contract not to be performed within the State, and the debtor does not reside therein."

The reasons for the rule announced by Mr. Justice Taft are well stated in a New York case (*Douglass* v. *Insurance Co.,* 138 N. Y. 209 [33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448]), as follows:

"This court has had occasion heretofore to consider the effect of the act of a foreign corporation constituting an agent in another State, upon whom proceedings may be served, done in compliance with the laws of such State, in pursuance of a condition imposed, and to enable the corporation to do business in such State. It has been held that by such act the corporation does not change its domicile of origin, or its residence. It becomes bound by judgments rendered upon service on the designated agent, because it has consented so to be bound, but it remains, as before, a resident of the State where it is incorporated. *Gibbs* v. *Insurance Co.,* 63 N. Y. 114 (20 Am. Rep. 513) ; *Plimpton* v. *Bigelow,* 93 N. Y. 592. If in this case the insurance company could be regarded as residing or having

its domicile in Massachusetts for the purpose of attachment proceedings, it likewise has a domicile in every State where it may have appointed an agent under similar laws; and so, constructively, upon the theory upon which the Massachusetts attachment is defended, the corporation is present, as debtor to the plaintiff, in every State where such agency exists, and the credit is also present at the same time in each of such jurisdictions. The admission of such a principle would give rise to most embarrassing conflicts of jurisdiction, and subject creditors of domestic corporations to great prejudice."

A review of the many decisions relative to the *situs* of a debt for the purpose of garnishment and attachment will be found in the annotation to *Bingenheimer Mercantile Co.* v. *Weber*, 27 A. L. R. 1392.

In the instant case it is our judgment that the debt has no *situs* in the State of Michigan, and we base our conclusion on the facts that the debtors are not residents of this State; that the creditor is a resident of Illinois; that the debt is payable there; and that the transaction out of which the debt arose took place in that State. For the same reason we think that the drafts in the hands of the National Bank of Commerce of Detroit are not such property as will give the court of Michigan jurisdiction of the debt which they represent, and which has its *situs* in Illinois.

As the bill of complaint must be dismissed for lack of jurisdiction, it will not be necessary to discuss the other question involved.

The decree of the circuit court will be affirmed. The defendants will have costs.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.