**In re ESTATE of Gerald C. RYAN, also known as G. C. Ryan, Deceased.**

**STATE of North Dakota and County of Grand Forks, Appellants,**

v.

**FIRST NATIONAL BANK OF MINNEAPOLIS and Janet Heinrich, Executors of the Estate of Gerald C. Ryan, also known as G. C. Ryan, Deceased, Respondent.**

No. 7862.

Supreme Court of North Dakota.

March 4, 1960.

Rehearing Denied April 7, 1960.

Leslie R. Burgum, Atty. Gen., and Kenneth M. Jakes, Special Asst. Atty. Gen., for appellant State of North Dakota.

Shaft, Benson & Shaft, Grand Forks, for the estate of Gerald C. Ryan, deceased.

TEIGEN, Judge.

The question involved in this appeal is whether or not real property located in North Dakota, sold on a contract for deed, is includible in the estate of a nonresident decedent for North Dakota estate tax purposes.

The facts were stipulated. The salient facts are: The decedent, Gerald C. Ryan, during his lifetime entered into a contract for deed for the sale of certain farmlands located in Grand Forks County, North Dakota, to his sons, Thomas W. Ryan and Gerald C. Ryan, Jr. He also took an installment note for the payments provided to be made under the contract. Decedent died March 23, 1955, a resident of the State of Minnesota. Domiciliary proceedings were had in Minnesota and ancillary proceedings were instituted in county court, Grand Forks County, North Dakota. Included in the inventory in the ancillary proceedings was a description of the real property listed subject to the contract for deed referred to, and appraised at "security value only" no amount being set forth. The unpaid balance of the contract for deed at time of death was $176,000 principal and $7,137.78 accrued interest.

The vendees paid to the domiciliary executors of the estate the full balance due plus the accrued interest and an executor's deed was duly executed and delivered by the ancillary executors and the conveyance duly confirmed by the county court of Grand Forks County, North Dakota. The county court made an estate tax assessment and included in the gross estate, for the purposes of said assessment, as real property, the real estate described in the aforementioned contract for deed at a value equal to the unpaid principal plus the accrued interest as of day of death. The assessment thereafter was approved by the state tax commissioner for the State of North Dakota.

It was also stipulated that the amount of $176,000 balance of principal and $7,137.78 accrued interest was included in the inventory filed in the domiciliary proceedings in Minnesota and included as a part of the Minnesota estate for Minnesota tax purposes, and described as the unpaid balance upon an installment note secured by contract on certain land in North Dakota.

The contract for deed provided the sale price, the interest to be charged, the manner of payment; that the vendees were to pay all taxes thereafter levied or assessed upon the premises, the vendees were to keep all buildings and improvements insured with loss payable to the first and second parties as their several interests may appear; and it also contained a forfeiture clause; provided that the vendor would convey the property by deed of war-

ranty upon the prompt and full performance by the vendees of their part of the agreement, and provided for possession of the premises by the vendees.

A separate memorandum agreement was also made between the parties to the contract for deed, delaying date of possession until the downpayment provided for by the contract for deed was made. However, before the death of decedent-vendor, the vendees had been in possession under the contract for deed for a period of about one year.

■ The County Court of Grand Forks County, for the purposes of making the estate tax assessment, on its own motion included the land described in the contract for deed within the gross estate and classified it as real property within the State of North Dakota. An appeal was taken to the District Court of Grand Forks County and it entered its order directing that the order of the county court be amended to eliminate therefrom the estate tax imposed by it on the valuation of the amount represented by the fore-described installment note or contract for deed. It did so on the premises that the property was not real property located within this state but intangible personal property belonging to a nonresident decedent and therefore not includible within the gross estate pursuant to Section 57–3703 of the 1957 Supplement to the North Dakota Revised Code of 1943. An appeal was taken to this court by the State of North Dakota, demanding a review of the entire case.

"The Estate Tax Act, the statute here under consideration, was enacted as Chapter 267, Session Laws 1927. It superseded Article 36 of Chapter 34 of the Political Code 1925 Supplement, providing for the imposition of inheritance taxes." In re Black's Estate, 74 N.D. 446, 23 N.W.2d 35, 36.

We here are concerned with the same statute. It states:

"A tax is hereby imposed upon the transfer of the net estate of every decedent, whether in trust or otherwise, under the conditions and subject to the exemptions and limitations in this chapter prescribed." Sec. 57–3701 ND RC 1943.

This is an estate tax, as distinguished from an inheritance tax.

■ An estate tax is not levied upon the property of which an estate is composed. It is an excise imposed upon the transfer of or shifting in relationships to property at death. United States Trust Co. of New York v. Helvering, 307 U.S. 57, 59 S.Ct. 692, 83 L.Ed. 1104; Reinecke v. Northern Trust Co., 278 U.S. 339, 347, 49 S.Ct. 123, 73 L.Ed. 410, 414, 66 A.L.R. 397; Chase National Bank of City of New York v. United States, 278 U.S. 327, 334, 49 S.Ct. 126, 73 L.Ed. 405, 407, 63 A.L.R. 388; United States v. Jacobs, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763.

For the purpose of determining the estate of a non-resident decedent in North Dakota we have the following statute:

"57–3703. Gross Estate Of Non-Resident Decedent; Exception, Reciprocity With Other States. The value of the gross estate of a nonresident decedent shall be determined by including the following property:

"1. All real property located within this state;

"2. All tangible personal property having an actual situs within this state;

"3. Sheriff's certificate of sale of real estate situated in this state;

"4. Decedent's equitable interest in real estate within this state; and

"5. The full value of shares of stock in domestic corporations.

"However, no intangible personal property shall be included in determining the value of such gross estate if

the nonresident decedent at the time of the transfer is a resident of a state or territory of the United States, or of a foreign country, which at the time of the transfer did not impose a transfer tax or death tax of any character in respect to intangible personal property of residents of this state, or if the laws of such state or territory of the United States or foreign country at the time of the transfer contained a reciprocal provision under which the intangible personal property of residents of this state was exempt from transfer taxes or death taxes of any character provided this state allowed a similar exemption to the residents of such state or territory of the United States or foreign country. The tax commissioner may enter into agreements with the authorized tax officials of other states to carry out the reciprocal provisions of this section." 1957 Supp. NDRC 1943.

What is it that is taxable? It is the transfer of the net estate. See Sec. 57–3701, supra. What is the net estate of a nonresident decedent? It is the gross estate, as defined by Section 57–3703 above quoted, less the exemptions and deductions provided by Section 57–3711 of 1957 Supplement and Section 57–3712 of the North Dakota Revised Code of 1943. What did the deceased own upon his death to be transferred in this case? It was the right to receive certain payments in the form of principal and interest at certain designated times, evidenced by an installment promissory note and contract for deed secured by title to the real estate described in the contract. He also owned some additional rights, such as the right to have the taxes paid upon the real estate by the vendees, the right to have premiums upon insurance policies paid by the vendees, the right to partake of insurance payments in the event of loss as his interests might appear, and the right to declare a forfeiture and foreclose or cancel the contract in the event of noncompliance with its terms by the vendees. He did not have the right to the possession, use, benefits, or earnings of the land. He held mere naked legal title without the benefits of ownership, for security purposes only.

The doctrine of equitable conversion in land contract cases has been established by a number of cases in North Dakota. Nearing v. Coop, 6 N.D. 345, 70 N.W. 1044, decided in 1897; Wadge v. Kittleson, 12 N.D. 452, 460, 97 N.W. 856, decided in 1903; Woodward v. McCollum and State Bank, 16 N.D. 42, 47, 111 N.W. 623; Salzer Lumber Co. v. Claflin, 16 N.D. 601, 605, 113 N.W. 1036; Johnson v. Soliday, 19 N.D. 463, 465, 126 N.W. 99; North Dakota Lumber Co. v. Haney, 23 N.D. 504, 137 N.W. 411; Powers Elevator Company v. Stolz, 33 N.D. 628, 157 N.W. 693; Semmler v. Beulah Coal Mining Co., 48 N. D. 1011, 1015, 188 N.W. 310; Thompson Yards v. Bunde, 50 N.D. 408, 196 N.W. 312, 30 A.L.R. 538 and D. S. B. Johnston Land Co. v. Whipple, 60 N.D. 334, 234 N.W. 59.

In the case of Schauble et al. v. Schulz, 8 Cir., 137 F. 389, the question arose in an action against the purchaser of land on a contract for deed by a former owner as to whether or not the ten-year statute of limitations, converting adverse possession into perfect title, is available to such vendee. The vendee under the contract had the right to possession and was required to pay all future taxes and assessments. The action was brought after the vendee had complied with the terms and conditions of the contract for deed and had received conveyance but before ten years from conveyance had passed. The question was whether or not the years during which the vendee held possession by virtue of the contract could be counted. The court said:

"The conveyance did not create a new right, but rather perfected the right existing under the contract, and, to give effect to what was plainly the intention of the parties, the perfected

title related back to the date of the contract. Peyton v. Desmond, 63 C.C.A. 651, 661, 129 Fed. 1. It is now the generally accepted rule that the possession of a vendee who enters under an executory contract for the sale of land, and subsequently receives a conveyance in fulfillment thereof, is adverse from the time of the entry as to all the world except the vendor. (Cases cited.) And from the moment the vendee by compliance with the conditions of the contract entitles himself to a conveyance his possession is adverse as to the vendor. (Cases cited.) It is also the accepted rule in the state of North Dakota that a vendee in possession under a contract like the one before us is the equitable and beneficial owner of the land, and that the vendor holds the legal title in trust for him, and as security for his compliance with the conditions of the contract. (Cases cited.) The conclusion follows that the appellee was from the time of his entry vested with sufficient title, as against the appellants, to come within the protection of the statute, which broadly includes 'all titles.'" [137 F. 394.]

It is clearly established from the cases cited that the vendee in possession under a contract for deed like the one before us is the equitable and beneficial owner of the land, and that the vendor holds a naked legal title in trust for him and as security for his compliance with the conditions of the contract. This relationship also controls for the purpose of characterizing and classifying the property of the vendor-decedent for estate tax purposes.

"The interest of a nonresident vendor in a contract for the sale of land situated within the state has been held to be intangible personal property having its situs at the domicile of the vendor, and it is not taxable in the state wherein the land lies." 85 C.J.S. Taxation § 1116, subsec. b, p. 854.

"The interest of a vendor in a contract to sell real estate is intangible property treated as personalty. While it is competent for the legislature to tax the transfer of such an interest of a nonresident vendor, such interest comes within the provisions for reciprocal exemption of intangibles." 28 Am.Jur., Inheritance, Estate, and Gift Taxes, Sec. 268, p. 203.

"The right to receive payments due under a contract for the sale of land is 'intangible personal property.'" In re Plasterer's Estate, 49 Wash.2d 339, 301 P.2d 539, 540; In re Eilermann's Estate, 179 Wash. 15, 35 P.2d 763.

"Interest of vendor in contract to sell real estate is intangible property and is treated as personalty, and vendor holds title as security for the purchaser's obligation to pay purchase price." In re Briebach's Estate, 132 Mont. 437, 318 P.2d 223.

"The right to take by will a credit payable in the state of New York, but evidenced by a contract of sale for real estate within Nebraska, executed by the vendor and at all times during his lifetime retained in his possession at his residence in the state of New York, is not, in the absence of extraneous facts, which do not appear in the instant case, subject to an inheritance tax upon the death testate of the vendor." Dodge County et al. v. Burns et al., 89 Neb. 534, 131 N.W. 922, 35 L.R.A.,N.S., 877.

In the case of Davie v. Davie, 47 Wash. 231, 91 P. 950, the Washington Court was confronted with the problem of determining the character of property which consisted of real estate subject to a contract for deed executed by the deceased vendor in his lifetime, which contract he in his lifetime had delivered to his wife using words which the court held were sufficient to establish a gift causa mortis. Upon the vendor's death, proceedings were brought

to compel the administratrix to include in the inventory of the vendor's estate the real estate described in the contract to which he held title of record. The court refused, and in the opinion stated:

"With the contention that this was real estate, and could not be legally made the subject of an oral gift, we cannot agree. Decedent and his wife had made a contract to sell this property. They had executed a deed to be held in escrow, to be delivered when the purchaser should complete his payments as called for in said contract. Having done this, the interest in the real estate became such as is ordinarily treated as personal property in matters of administration. He was virtually giving her the proceeds coming from the sale." [47 Wash. 231, 91 P. 951.]

These principles have their roots deep in the history of our State. In the case of Myrick v. Bill, 5 Dak. 167, 37 N.W. 369, decided in 1888 during Dakota Territory days, the principle was laid down that a vendee under a contract for the purchase of land and in possession has an interest in the land to which a homestead right will attach, this principle was affirmed by the State of North Dakota in the case of Roby v. Bismarck Nat. Bank, 4 N.D. 156, 59 N.W. 719, and in the latter case it was further held that the vendor under a contract for the sale of land has a lien for his purchase money by virtue of his contract.

If the land described in the contract was to be listed and classified for estate tax purposes as real property it should then be appraised at its full and fair cash value (see Sec. 57-3721 NDRC 1943), this could be an amount larger than the unpaid balance of the contract or larger than the original price agreed upon in the contract and conceivably the tax imposed could be larger than the unpaid balance of the contract.

Clearly, the interest of the deceased nonresident vendor in a contract for the sale of land situated in this state is intangible personal property. That being so, it necessarily follows that this interest is not taxable for estate tax purposes in North Dakota. The property does not come within any other classifications set forth in Section 57-3703 of the 1957 Supplement to the North Dakota Revised Code of 1943, and is not includible in the gross estate of a nonresident decedent.

Our statute Section 35-2001 of the North Dakota Revised Code of 1943, gives vendor a lien upon the land sold, independent of possession, for the amount of the purchase price remaining unpaid and unsecured otherwise than by the personal obligation of the buyer. Such lien has value. It may be foreclosed under the provisions of Section 35-0119 and 35-0120 of the North Dakota Revised Code of 1943. It was held, in the case of D. S. B. Johnston Land Co. v. Whipple, 60 N.D. 334, 234 N.W. 59, that being a lien, with all the incidents of a mortgage, a contract for sale may be foreclosed as a mortgage. See Schaff v. Kennelly, N.D., 61 N.W.2d 538. Foreclosure of a land contract by action is further acknowledged by legislative enactment of Chapter 217 of the 1951 Session Laws (Section 32-1906, 1957 Supplement to NDRC 1943) governing the method by which deficiency judgment may be obtained in the foreclosure of a real estate mortgage or the cancellation or the foreclosure of a land contract.

The State imposes a tax on the transfer of the net estate and in the case of nonresident decedents, does not include in the gross estate intangible personal property except shares of stock in domestic corporations, and then only in the absence of reciprocity. By thus classifying the property to be included in the gross estate, the character of the property at death must first be determined to find whether or not

it fits one of the classifications set forth in the statute.

The tax being upon the transfer, and not the property itself, its character must be determined from the position which the deceased occupied in relation thereto at the time of death.

"A contract for the sale of real estate, which is valid and enforceable in equity, operates as a conversion. The vendor's interest thereafter in equity is in the unpaid purchase price, and is treated as personalty; the vendee's interest is in the land, and is realty. Upon the death of the vendor his interest passes to his executors as personalty, and continues as such for the purposes of administration; and, where such executors have canceled the contract of sale for default of the purchaser, and thus regained title, they may sell and convey such real estate, and account to the court of their appointment for the proceeds as personalty, and the title so conveyed is good as against the heirs of the decedent claiming title by succession." Clapp v. Tower et al., 11 N.D. 556, 93 N.W. 862.

The rights of the vendee are not diminished by the death of the vendor. Sections 30–1311 and 30–1312 of the North Dakota Revised Code of 1943 authorized the vendee to petition and the county court to decree specific performance, directing the executor or administrator of the vendor's estate to convey to the vendee the real estate described in the contract. Section 30–1315 of the North Dakota Revised Code of 1943 provides that if the county court on hearing such petition, finds the vendee's right doubtful, the county court must dismiss the petition without prejudice to the rights of the vendee, who thereafter may proceed in district court to enforce a specific performance of such contract. The result is that the vendor's estate and his personal representative has no greater rights than had the vendor in his lifetime, and as a consequence, if the contract does not mature and/or is not paid during the probate of the estate, the county court cannot decree to the heirs, legatees, or devisees any greater interest than that possessed by the estate, which is the naked legal title subject to the terms and conditions of the contract. Thus the estate transferred is the same estate owned by the decedent immediately before his death, its character remains unchanged, and the tax being imposed on the transfer of property from the dead to the living, and not the property itself, its character, must necessarily remain the same.

The judgment of the district court is affirmed.

SATHRE, C. J., and BURKE, MORRIS and STRUTZ, JJ., concur.