(125 N. W. 1054.)

---

A. T. JOHNSON v. SARAH A. SOLIDAY.

Opinion filed April 7, 1910.

**Mechanic's Lien — Words and Phrases — "Owner" of Real Estate.**

1. Under the provisions of the mechanic's lien law the "owner" of real estate on whose interest a mechanic's lien will attach is the person for whose immediate use and benefit the building, erection, or improvement, is made.

**Mechanic's Liens—Vendor's Interest Not Subject to — Possession.**

2. A mechanic's lien will not attach to the interest of a vendor under an executory contract of sale whose vendee is in possession, and who makes improvements by erecting buildings on the real estate covered by such executory contract.

**Mechanic's Liens — Interest of Vendor — Executory Contract.**

3. Where the vendee in an executory contract for the purchase of real estate is in possession and erects buildings thereon, in which the vendor has no interest except by reason of his holding the legal title as security for the purchase price, and when such vendor is not a party to the purchase of the material or the construction of the improvements, the question of his knowledge of or consent to the furnishing of material or the making of the improvements is immaterial.

Appeal from District Court of Foster County, *Winchester, Special Judge.*

Plaintiff had judgment. Action to foreclose a mechanic's lien, and Defendant Soliday appeals. Reversed.

*T. F. McCue,* for appellant.

*C. B. Craven* and *C. S. Buck* for respondent.

SPALDING, J. The only question to be settled on this appeal is whether a mechanic's lien, under our statute, will attach to the interest of a vendor under an executory contract of sale whose vendee is in possession, and who makes improvements by erecting buildings on such real estate, the lien being claimed for material for the erection of such buildings. This action was brought by the respondent, Johnson, against one Footitt and the appellant, Soliday. Appellant had sold to Footitt certain lots under an executory contract, on which partial payments only had been made. Respondent sold and delivered to Footitt certain material for the erection of a dwelling house, barn, and ice house upon the premises described in the executory contract, and filed a mechanic's lien therefor. This action was brought to foreclose such lien, not only as to the interest of Footitt in the property, but as to that of Soliday also. Plaintiff had judgment in the trial court, and defendant Soliday appeals. Section 6237, Rev. Codes 1905, as far as material, reads: "Any person who shall perform any labor upon or furnish any materials * * * for the erecting * * * of any building or other structures upon land * * * under a contract with the owner of such land * * * or with the consent of such owner, shall, upon complying with the provisions of this chapter, have * * * a lien upon such building, erection or improvement and upon the land belonging to such owner on which the same is situated * * * to secure the payment for such labor, material, machinery or fixtures. * * * The owner shall be presumed to have consented to the doing of any such labor or the making of any such improvement if, at the time, he had knowledge thereof, and did not give notice of his objection thereto

to the person entitled to the lien." Section 6243 provides that "the entire land upon which any such building, erection or other improvement is situated, or to improve which the labor was done or things furnished, including that portion of the same not covered therewith, shall be subject to all liens created by this chapter to the extent of the right, title, and interest owned therein by the owner thereof for whose immediate use or benefit such labor was done, or things furnished," etc. Section 6248 says: "Every person for whose immediate use and benefit any building, erection, or improvement is made, having the capacity to contract, including guardians of minors or other persons, shall be included in the word 'owner' thereof."

In the light of these provisions we must decide whether the appellant was the owner of the lots in question within the terms of the mechanic's lien law. We are of the opinion that she was not such owner. The two sections last quoted seem to indicate that the owner meant is the person who owns an interest therein, and for whose immediate use and benefit the improvement is erected, and with whom the contract is made. This question was decided in Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113 N. W. 1036, and needs no extended discussion at this time. This court there said: "The materialman is simply subrogated to the interest that the vendee had in the contract, and no more. The vendor's rights are not at all to be affected." The vendor holds the legal title, and in relation to mechanics' liens is the holder of the legal title as security for the payment of the purchase price, and the vendee is the equitable owner. Their relations are analogous to those of a mortgagor and mortgagee, where the material or work is contracted for by the mortgagor after the recording of the mortgage. In such case the lien of the mortgagee is not affected by the mechanic's lien, and we see no reason why the person holding the legal title as security should be placed in a less secure position than if he only held a mortgage. Salzer Lumber Co. v. Claflin, supra; Revised Codes 1905, section 6242.

But it is contended that the last paragraph of section 6237 quoted modifies the statute as it stood prior to this paragraph being added, and that because it is shown that the appellant frequently drove past these premises while the buildings were being erected, and therefore must have had knowledge of the fact, and failed to give any notice that she objected thereto to the respondent, the lien attaches to her interest. This provision must be read in the light of the other sections which we have cited, and, when so

read and harmonized, we think it does not apply to this case. Had the appellant still retained possession or been engaged in the erection of the buildings, or had the parties been in joint possession or occupancy, and the building constructed for the immediate use or benefit of the appellant, although the contract was made by Footitt, then the terms of the provision quoted would undoubtedly apply. It was intended to provide for such cases, and particularly for those where the title to real property stood in the name of a wife or a member of the family, and the husband or some member of the family other than the holder of the legal title proceeded to contract for the erection of buildings when he and the holder of the title were occupying the premises, or where it was for the immediate use and benefit of the holder of the title, or both. In such cases the holder of the legal title cannot step in and defeat the lien on the ground that he never authorized the construction of the improvements. In such cases the holder of the legal title is deemed to have consented unless he makes objection. In Mahon et al. v. Surerus et al., 9 N. D. 57, 81 N. W. 64, the owner was defined as "the party residing on the land, and for whose immediate use the house was built."

These views necessitate the reversal of the judgment. It is reversed. All concur.

ELLSWORTH, J., having been of counsel, did not participate in the above decision; HON. W. C. CRAWFORD, Judge of the Tenth judicial district, sitting in his place by request.

(126 N. W. 99.)

NOTE—As to mechanic's lien on building erected by vendee see note to Zabriskie v. Greater America Exposition Company, 62 L. R. A. 380.