## NORTH DAKOTA LUMBER COMPANY v. HANEY et al.

(137 N. W. 411.)

**Mechanics' lien — vendor's interests.**

1. Upon the ordinary sale of land upon crop contract, where the title is reserved as security for the purchase price,—the vendor is in practically the

same position,as though he had deeded the land to the vendee and taken back a mortgage for the purchase price. When the vendee, therefore, becomes liable upon a mechanics' lien against the land, the interest of the vendor is not subjected to the lien, unless it is shown that he acquiesced in the purchase.

**Mechanics' lien — purchasers — vendor and vendee.**

2. The purchaser of the legal title from the vendor, subject to the liens of record, takes the same title as had the vendor; that is, he takes the legal title, subject to the crop contract and the lien. He is in the same position as though he had purchased the mortgage mentioned in paragraph 1, and this interest is not subject to the lien.

**Mechanics' lien — purchasers — title of land subject to liens of record.**

3. Words in the said deed from the vendor to the third person, implying that the third person takes the land subject to "liens of record," relate to the contract between those parties only, and do not imply any promise upon which the lien holder can compel the third person so purchasing to assume the lien.

**Mechanics' lien — purchasers — title of land subject to liens of record.**

4. If, after such purchase by the third person, the vendee surrenders his crop contract to him, this later interest is subject to the lien, but the prior title, which we have seen is similar to a mortgage, does not merge in his final title so as to make the mechanics' lien a first lien upon the fee title to the land. The court will decree that the equity of the vendee be sold to satisfy the lien, but such lien will be inferior to the amount due upon the contract.

Opinion filed July 9, 1912.

Appeal by plaintiff from a judgment of the District Court, for Benson County; *Cowan,* J., in defendant's favor in an action brought to foreclose a mechanics' lien.

*Stuart & Comstock,* for appellant.

The land was purchased subsequently to the filing of the lien herein by Spaulding from Targeson, and he took it subject to plaintiff's lien. H. C. Behrens Lumber Co. v. Lager, 128 N. W. 698.

*Buttz & Sinness,* for respondent.

Plaintiff's lien attached to nothing but Haney's interest. Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113 N. W. 1036; Johnson v. Soliday, 19 N. D. 463, 126 N. W. 99.

BURKE, J. There is no dispute regarding the facts in this case. Prior to 1906, one Targeson owned a tract of land in Benson county,

and in that year sold the same upon crop contract to the defendant Haney. Under this crop contract Haney was to take possession of the land, crop the same, and turn over each year upon the purchase price, one half of the crops. When the said payments amounted to the purchase price, Targeson agreed to issue a warranty deed. No part of the purchase price was paid at the time of making the contract, and the title, of course, was reserved in Targeson as security for the purchase price. While Haney was in such possession he purchased of the plaintiff and used upon a building upon the premises some $88 worth of lumber. It is not shown that Targeson had any knowledge of this purchase or agreed to pay therefor. The plaintiffs perfected a mechanics' lien against the land. The price that Haney agreed to pay was $2,225, but he never paid enough upon the purchase price to equal the interest, and in 1908 Targeson was preparing to cancel the contract. Haney at that time went to one Spalding and asked him to purchase Targeson's interest in the land and extend his (Haney's) contract one year. This Spalding did, taking a deed from Targeson containing this clause, "that the same are free from all encumbrances whatsoever, except such liens as appear of record against said land." It is also clear that Targeson was not to be held to pay such liens, but that Spalding took the land subject thereto,—so far as Targeson was concerned, Haney continued upon the land until 1910, Spalding recognizing his contract. At that time Haney was still in arrears more than the entire purchase price, and abandoned the land. The plaintiff company then started to foreclose their mechanics' lien by action, making Spalding and Haney defendants. The only legal dispute relates to the priority of the plaintiffs' lien. They insist that their lien should attach to the fee title of the land, and that they are prior to any claim of Spalding's. On the other hand Spalding insists that the lien of plaintiff only attached to the equity of Haney. This would leave the lumber company in the same position as Haney,—the owner of an equity only in the land, subject to the rights of Spalding to collect his purchase price.

This court, under similar facts, has repeatedly held that the vendee is the equitable owner of the land, while the vendor holds the legal title as security for his claim. In other words, the parties to this suit are in practically the same position as though Targeson had deeded the

land to Haney, taking back a mortgage for the purchase price, and had sold the mortgage to Spalding. See Nearing v. Coop, 6 N. D. 345, 70 N. W. 1044; Wadge v. Kittleson, 12 N. D. 452, 97 N. W. 856; Woodward v. McCollum, 16 N. D. 42, 111 N. W. 623; Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113 N. W. 1036; Johnson v. Soliday, 19 N. D. 463, 126 N. W. 99; the last two cases named being so nearly in point as to be almost decisive of this one.

With this principle in mind it is easy to decide that Spalding took the interest acquired from Targeson, which we have seen to be practically a mortgage, free from the lien of plaintiff. Later on Spalding acquired a further interest in the land upon the abandonment to him by Haney. This last-acquired interest, however, was taken subject to plaintiffs' lien. Upon acquiring the legal and equitable titles to the land, Spalding became the absolute owner, subject to the lien of plaintiff and other possible lien holders. The two titles did not merge so as to allow those liens to become a first lien upon the land. See May v. Cummings, 21 N. D. 281, 130 N. W. 826, and cases cited. The recital in the deed, to the effect that Spalding took the land subject to the liens of record, and his oral agreement with Targeson to the same effect, amount to nothing more than a release to T. of the recitals of a clear warranty, and show plainly that it was not an outright sale of the land, but rather a sale of the mortgage for the purchase price. It certainly does not amount to an agreement that Spalding would pay those liens to obtain a first lien upon his own land. So, also, was the agreement between Haney and Spalding to the same effect. The lumber company was no party to these agreements and in no position to urge a promise of Spalding to pay, if it be conceded that he so agreed.

The position of the parties seems to be this: Spalding has a mortgage lien for the amount due upon the Haney contract. Next he is the owner of two liens against Haney's equity bought by him; and then comes the lien of the plaintiff. After all these comes the interest of Spalding acquired from Haney when he surrendered his contract. If plaintiff wishes to enforce his lien in this order he may do so, and upon acquiring Haney's interest in the contract may redeem from Spalding by paying him the amount due upon the Haney contract and the two assigned liens.

This being the decision of the trial court, such decision is affirmed.