BOVEY-SHUTE & JACKSON, Formerly Bovey-Shute Lumber Company, a Corporation, Appellant-Respondent, v. JOHN ODEGAARD et al. ELLEN STONE, Respondent-Appellant.

(208 N. W. 111.)

**Mechanics' liens — foreclosure — holder of prior mortgage not a necessary party.**

1. In an action to foreclose a mechanic's lien the holder of a prior mortgage is not a necessary party.

**Mechanics' liens — foreclosure — owner acquires only interest of owner of land — prior mortgages duly recorded superior to mechanic's lien and title acquired thereunder.**

2. Under § 6823, Comp. Laws 1913, a mechanic's lien attaches only to the interest of the owner of the land, and the owner of such lien by the foreclosure

Note.—As to who are necessary parties in action to foreclose mechanic's lien, see 18 R. C. L. 983; 3 R. C. L. Supp. 884.

thereof acquires only the interest of the owner of the land. Prior mortgages duly recorded are superior to the lien and to any title thereunder.

**Mechanics' liens — foreclosed by suit — title acquired — judgment cannot be questioned in collateral proceeding.**

3. When a mechanic's lien has been foreclosed by action and title acquired thereunder, the judgment cannot be questioned in a collateral proceeding.

**Judgment — owner of real estate deeds not recorded, not party to suit but had actual knowledge thereof and did not redeem, bound by judgment.**

4. Under the facts in the case at bar, the title owner of real estate whose title deeds are not of record and who is not a party to an action to foreclose a mechanic's lien but who had actual knowledge of the lien and the pendency of such action and who does not redeem is held to be bound by the judgment.

Opinion filed December 31, 1925. Rehearing denied March 17, 1926.

Mechanics' Liens, 40 C. J. § 369 p. 289 n. 19; § 554 p. 404 n. 64 New; § 746 p. 502 n. 44; § 747 p. 503 n. 54.

Appeal from the District Court of McHenry County, *Burr,* J. Affirmed.

*A. E. Wheeler* and *Sinness & Duffy* (*A. B. Jackson,* of counsel), for appellant.

*D. J. O'Connell* and *Paul Campbell,* for respondent.

BURKE, J. This is an action to determine adverse claims to the south west quarter of section 5, township 151 north of range 78 west of the 5th principal meridian in the county of McHenry, North Dakota. The complaint is in the regular statutory form.

The defendant Ellen Stone in her answer alleges that she is the owner of the land in dispute. That the plaintiff the Bovey-Shute Lumber Company claims through a pretended mechanic's lien which is alleged to be void and cancelled and that she was not a party to an alleged foreclosure of said lien. On the 6th day of May, 1918, the mechanic's lien was satisfied of record and discharged by the clerk of the district court of McHenry county, on the request in writing of the defendant Ellen Stone. The foreclosure of said mechanic's lien was void; that the land sold at the foreclosure sale for $171.33 an inadequate amount for said land which was of the reasonable value of $5,000. That the defendant is ready, able and willing to redeem

from the foreclosure sale and offers and agrees, that judgment may be entered against her, and in favor of the plaintiff, requiring the defendant to pay to the plaintiff, the full amount of purchase price of said premises under the foreclosure sale with legal interest from the day of sale. The defendant bases her right to redeem on the alleged bad faith, laches, and unreasonable delay in the prosecution of the foreclosure action and that the relief demanded by the plaintiff in this action is inequitable, unjust and unconscionable.

The facts are as follows: On the 29th day of November, 1911, John Odegaard was the owner of said land and on said date the plaintiff filed in the office of the clerk of the district court of said county its claim for a mechanic's lien against said land. On July 28, 1913, the plaintiff brought an action to foreclose said lien against John Odegaard, Rosa Odegaard his wife, and the German American State Bank defendants. On April 3, 1919, judgment was entered in the foreclosure action and special execution was duly issued and said land was sold, to the plaintiff on May 31, 1919, for $173.33. On the 7th of June, 1919, the sale was confirmed by order of the court. There was no redemption from said sale and on June 22, 1920, a sheriff's deed was executed and delivered to the plaintiff who in July, 1920, brought this action under § 8144, Compiled Laws of 1913. In October, 1913, Odegaard and wife deeded the land to E. C. Stone husband of the defendant Ellen Stone and the deed was recorded November 3, 1913. On February 28, 1918, E. C. Stone deeded the land to Ellen Stone his wife and deed was recorded March 7, 1918.

On the 12th day of December, 1908, Odegaard a single man executed to A. W. Stinchfield a mortgage for $1,200 recorded December 14, 1908, and one to the German American State Bank of Balfour for $120, recorded December 14, 1908. Both mortgages were unsatisfied and of record at the time of the foreclosure of said mechanic's lien. In July, 1911, the mortgage for $1,200 and the one for $120 executed December 12, 1908, were sold to E. C. Stone, one of the defendants herein taking at said time an assignment and also a satisfaction of each mortgage. The satisfaction was never recorded, but on January 31, 1918 the assignment of said mortgages was duly recorded. On May 6, 1918, the defendant E. C. Stone filed with the clerk of the district court an affidavit alleging that he was the owner of the land;

that no complaint, summons, or answer had been filed in the office of said clerk; that more than six years had elapsed since the filing of said lien and requesting the said clerk to cancel said mechanic's lien of record pursuant to chapter 186, Session Laws 1915, and on the same day the clerk cancelled the said lien of record. At that time the action to foreclose the lien had been pending almost five years and when said action was commenced there was no statute requiring the complaint or answer to be filed. The holder of the lien had asserted its rights by complaint within six years after the date of the last item of its claim.

E. C. Stone had actual notice and knowledge of plaintiff's lien and the pendency of action to foreclose same and he was the agent and acting for the defendant Ellen Stone who was not misled or deceived with respect to said land and the right and necessity of redeeming from said foreclosure sale.

The trial court found as a conclusion of law, that the plaintiff is the owner in fee of said land and is entitled to judgment quieting its title thereto as against the defendant E. C. Stone, Ellen Stone, A. L. Lombard and N. B. Anderson, or either of them excepting two mortgages dated December 12, 1908, one for $1,200 to A. W. Stinchfield and one for $120 to the German American State Bank of Balfour which were duly recorded on December 14, 1908; that said mortgages are prior to and superior to the plaintiff's title by virtue of the foreclosure of the mechanic's lien, and that the defendant Ellen Stone is not entitled to redeem as prayed for in her answer. Judgment was duly entered from which plaintiff duly appeals, specifying five errors in the findings of fact and conclusions of law all of which are based upon the finding and conclusion of law that the $1,200 mortgage and the $120 mortgage are prior and superior to the title of the plaintiff and that plaintiff's title is subject to said mortgage liens. The defendant Ellen Stone appeals from the whole of said judgment and prays for a review of the entire case in this court. It is the contention of the plaintiff that the German State Bank was a party to the action of the Bovey Shute Lumber Company to foreclose its mechanic's lien and that all the right, title and interest of the German American State Bank was foreclosed and disposed of in the sale of the property on special execution. That the defendant E. C. Stone purchased said

land and also purchased the said mortgages dated December 12, 1908, and the mortgages were duly paid and all interest therein was merged in the title holder E. C. Stone.

We have examined the records and the evidence very carefully and it is our conclusion that the findings of the trial court are well sustained by the evidence. It is apparent from the record that at the time of the foreclosure of the mechanic's lien the plaintiff recognized the two mortgages dated December 12, 1908, as superior to the mechanic's lien.

The action to foreclose the mechanic's lien was brought on September 27, 1913, and at that time the mortgage for $1,200 stood in the name of O. W. Taylor on the records as mortgagee and O. W. Taylor was not made a party. The German American State Bank owned the $120 mortgage and was made a party but said bank had other mortgages made after the filing of the mechanic's lien. In the case at bar Judge Goss one of the attorneys who foreclosed the lien, states on page 5 of the record, "We will state that from an abstract of title there are mortgages and liens on the property of $1,200 or $1,500 which are prior incumbrances to our lien." On page 19 of the record Judge Goss asks of the witness Stone, "As a matter of fact you recorded an assignment of a mortgage of $1,200 by O. W. Taylor to E. C. Stone." Ans. "So far as I remember I assumed the mortgage and if it was transferred from him to me on the books I do not remember." "And didn't you also record an assignment of mortgage to the German American State Bank January 21, 1918;" "Two assignments one for $1,200 and another for $120?" Ans. "That I took up." Ques. "Yes, and had them assigned to you?" and on page 20, Ques. "And is it not a fact that the two mortgages one of $1,200 and the other of $120 are prior to the particular mechanic's lien filed in December, 1911?" Ans. "Those mortgages they must have been. "Ques. "And prior to this particular mechanic's lien?" Ans. "I say I could not state that they might have been, Yes."

On pages 20, 21, 22, and 24, of the record in a stipulation by Mr. Jackson, one of the attorneys for the plaintiff states: It appears that at the time the commencement of the action to foreclose the mechanic's lien, the record title of the mortgage for $1,200 was in O. W. Taylor who was not made a party in the action to foreclose the mechanic's

lien, and on the 12th day of June, 1914 the German American State
Bank assigned the $120 mortgage to E. C. Stone which assignment
was not recorded until the 31st day of January, 1918. On the same
date there was an assignment of the $1,200 mortgage from O. W. Tay-
lor to E. C. Stone recorded. On page 46 of the record Judge Goss says,
"We will state specifically that if the witness did pay off these mort-
gages, they are in equity mortgages still in force and prior to the lien
of this plaintiff, that is the claims of the plaintiff under this fore-
closure because the mortgages were of record in advance of the me-
chanic's lien and no matter what he has done, equity will regard them
as unsatisfied for all purposes as against this execution and deed under
which we claim, so that they are prior liens in equity to the lien under
which we claim." Page 46 of the record. Mr. Jackson, "If the court
please, I do not agree with this statement of my colleague." Judge
Goss, Ques. "And did you at the time of paying them take an assign-
ment to yourself?" Ans. "I did." Ques. "Why did you take an
assignment and satisfaction?" Ans. "Because Odegaard had brought
an action as to the title to this land." It is clear from this answer
that E. C. Stone took assignments of the mortgages to preserve the
mortgage liens against any title which might be determined in the
Odegaard action, they being the first liens against the land. It is also
clear that the plaintiff recognized the two mortgages as prior and
superior to its lien up to and until Attorney Jackson raised the ques-
tion at the trial.

On December 22, 1913, Bovey Shute & Company wrote a letter to
the defendant E. C. Stone the same being exhibit 9, and in the first
paragraph we find this language namely, "We cannot consider dis-
counting our claim against this land at all for we believe that the land
is well worth what there is against it ahead of and including us." The
record shows that the only claims ahead of the mechanic's lien are
the $1,200 and $120 mortgages and those must have been the claims
referred to in the letter, plaintiff's exhibit 9. But aside from all this
the mortgages are superior to the plaintiff's lien.

Under § 6823, Comp. Laws 1913, the entire land upon which any
building is erected is subject to the mechanic's lien to the extent of
all the right, title and interest of the owner of such land, and nothing
more. In the case at bar all the right, title and interest of Odegaard

in the land is subject to the two mortgages, one for $1,200 and one for $120 recorded December 14, 1908, and since the mechanic's lien covers only the interests of Odegaard it is also inferior and subject to the two mortgages. James River Lumber Co. v. Danner, 3 N. D. 470, 57 N. W. 343; Craig v. Herzman, 9 N. D. 140, 81 N. W. 288.

May 3, 1918, the defendant E. C. Stone filed with the clerk of the district court an affidavit for the cancellation of the mechanic's lien under § 6826 of the Revised Code as amended by chapter 186 of the Session Laws of 1915, in which he alleges that he is the owner of the land in dispute, and that on the 29th day of November, 1911, a mechanic's lien was filed in the office of the clerk of the district court of McHenry county by the Bovey-Shute Lumber Co. for $76.20 and no summons or complaint or answer in any proceedings or action has been filed in the office of the clerk of the district court asserting the validity of said lien and more than six years having elapsed since the filing of said lien and the clerk of said court is respectfully requested to cancel said mechanic's lien of record. The summons and complaint in the action to foreclose the mechanic's lien was served on the 29th day of July, 1913, Odegaard and the German American Bank duly answered on the 29th day of September, 1913; and issue was joined a year and a half before the passage of chapter 186, Laws 1915. The holder of the lien had asserted his rights under the lien by bringing action within six years after the date of the last item of his claim as set forth in the lien. Plaintiff prosecuted his action to judgment and acquired title without any question of the validity of either and his judgment and title cannot be questioned in this proceeding.

The defendant E. C. Stone and Ellen Stone were not parties to the action to foreclose the mechanic's lien, but defendant E. C. Stone knew that the lien was on file. He attempted to have it cancelled. Letters in evidence from plaintiff's attorney McGee & Goss and letters from E. C. Stone to the plaintiff prove that the defendants knew all about the mechanic's lien and the attempt of the plaintiff to collect the same, and to enforce the same by foreclosure. In one letter to the plaintiff the defendant E. C. Stone says: you are very welcome to foreclose and take the land when the time comes. Since the foreclosure of the mechanic's lien is valid and E. C. Stone was the agent of Ellen Stone the plaintiff is entitled to judgment quieting the title to said land in

the plaintiff subject to the two mortgages one for $1,200 and one for $120 dated December 12, 1908. The judgment is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.