**LIBERTY BROADCASTING
SYSTEM, Inc.**

v.

**ALBERTSON.**

**Civ. A. No. 5055.**

United States District Court
W. D. New York.

Nov. 16, 1953.

Leonard J. Brizdle, Buffalo, N. Y., for plaintiff.

McDonough, Boasberg & McDonough, Buffalo, N. Y., for defendant, Charles J. McDonough, Buffalo, N. Y., of counsel.

KNIGHT, Chief Judge.

Defendant has moved for an order forbidding the taking of the deposition of defendant pursuant to notice served by plaintiff on October 8, 1953, "on the ground that the examination is sought for the sole purpose of annoyance, embarrassment and oppression of the defendant; on the further ground that the plaintiff is not entitled by law to take the deposition; or in the alternative, that the scope of the examination of the defendant shall be limited in such respect as to the Court may seem just and proper; * * *."

Upon the argument of the motion, November 2, 1953, which was adjourned after argument to November 16, 1953, to permit defendant's counsel to obtain a medical certificate showing that defendant, by reason of his health, could not be examined.

On the adjourned date, the affidavit of Robert B. Johnson, M. D., was filed wherein it is stated "Mr. Albertson, because of his health, is unable to travel any extended distance. He has been so advised that such a trip might be dangerous."

Defendant's counsel stated in open Court that there are two persons employed in the local office of defendant who would be more familiar with the information sought by plaintiff. Plain-

tiff's counsel replied that if the information sought could be obtained from the employees it would be satisfactory. The objection of defendant that plaintiff is not entitled to obtain the information sought must be overruled (see Fed.Rules of Civ.Proc. Rule 26, 28 U.S.C.A.) and the taking of the deposition is to proceed (1) first as to the two employees stated to have the information sought; and (2) if the information cannot be obtained from the proposed witnesses, application may thereafter be made to examine defendant.

■ As to the question raised by defendant's counsel that plaintiff is not the proper party by reason of its adjudication as a bankrupt and the appointment of a "receiver or trustee". No motion has been made for substitution, so that it is proper to continue the action as originally instituted. Federal Rules of Civil Procedure, Rule 25(c).

So ordered.