**MID–AMERICA STEEL, INC.,**
Plaintiff and Appellee,

v.

**David J. BJONE, Davidson Design Center, Defendants,**

and

**Rogers, Perlenfein & Associates, Defendant and Appellant.**

Civ. No. 11409.

Supreme Court of North Dakota.

Oct. 20, 1987.

Daniel J. Crothers, of Nilles, Hansen & Davies, Fargo, for plaintiff and appellee.

Jonathan R. Fay, of DeMars, Turman & Johnson, Fargo, for defendant and appellant.

VANDE WALLE, Justice.

Rogers, Perlenfein & Associates ["Rogers"] appealed from a district court summary judgment determining that its mechanic's lien on certain property is subordinate to the interest of Mid–America Steel, Inc. ["Mid–America"] in the property. We affirm.

Mid–America and David Bjone entered into a contract for deed on May 31, 1985, whereby Bjone agreed to purchase a building in downtown Fargo. The contract for deed was recorded on June 5, 1985. Bjone and his corporation, Davidson, Inc., subsequently contracted with Rogers to provide architectural and engineering services, including subcontracting the actual construction, for a complete remodeling of the building.

Mid–America's offices are located across the street from the building sold to Bjone. Mid–America admittedly was aware of Bjone's plans for the building, and Mid–America reviewed drawings and plans prepared by Rogers. Mid–America's president requested that plans be changed to reflect a parking easement adjacent to the building for Mid–America's employees and customers.

Bjone was unable to complete the project and he defaulted on the contract for deed with Mid–America. On June 27, 1986, Rogers filed a mechanic's lien in the sum of $68,907.22.

Mid–America thereafter commenced this action to cancel the contract for deed and seeking a declaration that Rogers's lien was subordinate to Mid–America's rights in the property. Judgment was entered by stipulation against Bjone and Davidson, Inc. Mid–America moved for summary judgment on its claim against Rogers. The trial court granted summary judgment, concluding that as a matter of law the mechanic's lien of Rogers was subordinate to Mid–America's interest as a vendor under a previously recorded contract for deed. Rogers filed this appeal.

The issue presented in this case must be resolved within the context of a motion for summary judgment. Summary judgment is a procedural device available for the prompt and expeditious disposition of a controversy without a trial if there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts, or if only a question of law is involved. *Milbank Mutual Insurance Co. v. Dairyland Insurance Co.*, 373 N.W.2d 888 (N.D.1985). Even when a factual dispute exists summary judgment may be appropriate if the law is such that resolution of the factual dispute will not change the result. *Stensrud v. Mayville State College*, 368 N.W.2d 519 (N.D.1985).

The sole issue raised on appeal is whether the trial court erred in concluding that there was no genuine issue of material fact and that Rogers's lien was subordinate to Mid–America's interest as a matter of law. Resolution of this issue turns upon the proper interpretation of Section 35–27–07, N.D.C.C.:

"*35–27–07. Title of vendor or consenting owner—Subject to liens.* When land is sold under an executory contract requiring the vendee to improve the same and such contract is forfeited or surrendered after liens have attached by reason of such improvements, the title of the vendor is subject thereto, but he is not personally liable if the contract was made in good faith. When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior encumbrancers or lienors are deemed to have authorized such improvements, insofar as to subject their interest to liens therefor. Any person who has not authorized the same may protect his interest from such liens by serving upon the person doing work or otherwise contributing to such improvement within five days after knowledge thereof, written notice that the improvement is not being made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises. As against a lessor no lien is given for repairs made by or at the instance of his lessee, unless the lessor has actual or constructive notice thereof and does not object thereto."

The first sentence of the statute is clear: If the contract between the vendor and vendee requires that improvements be made, the title of the vendor will be subject to any mechanic's lien for such improvements. Rogers does not contend that the contract for deed between Mid–America and Bjone required that improvements be made.

The second sentence of Section 35–27–09 lies at the heart of the parties' various contentions. Rogers contends that Mid–America is the "owner" of the property pursuant to Section 35–27–01(5), N.D.C.C., and that Mid–America therefore is deemed to have "authorized" the improvements under Section 35–27–07. Mid–America replies that the statutory definition of "owner" is of no import, and that, as a contract vendor, it is a bona fide prior encumbrancer who is not deemed to have authorized the improvements and whose interest is therefore not subject to the lien.

The statute provides that when improvements are made "upon the land of another, all persons interested therein *otherwise than as bona fide prior encumbrancers or lienors* are deemed to have authorized such improvements" and their interests will be subject to the mechanic's lien. It is

undisputed that Mid–America had an interest in the subject property. Therefore, its interest will be subject to the lien unless it is a bona fide prior encumbrancer or lienor.

Although both parties focus their arguments upon Mid–America's disputed status as a bona fide prior encumbrancer, we believe that they have overlooked the obvious. Mid–America is clearly exempted from the statute because it is a *lienor* as a result of having acquired a vendor's lien upon execution of the contract.

■ We have long recognized that a vendor under a contract for deed who retains the legal title as security for the debt holds a valid lien against the property for the unpaid purchase price:

"Where a sale of land is evidenced by a contract only, and the purchase price has not been paid, and the vendor retains the legal title, the parties occupy substantially the position of mortgagor and mortgagee. The vendor has a lien for his purchase money by virtue of his contract, and a lien which the vendee cannot, by conveyance or otherwise, affect or impair, and which can be extinguished only by payment of the purchase money (see Jones, Liens, § 1107 et seq., where the authorities are fully cited); and necessarily this is not controlled by the use to which the property is applied. If used as a homestead, no one would contend that the vendor could be compelled to execute a deed without full payment, and look to the other property of the vendee for his purchase price, even in the absence of that statutory provision (section 2453, Comp.Laws) making the homestead liable for any debt created for the purchase thereof. Such a vendor is not required to rely upon the technical vendor's lien, which is a creature of equity, and exists where the vendor has parted with the legal title, and may be destroyed at any time by a conveyance by the vendee. He has a more substantial and indestructible lien, created by contract, and of which all the world must take notice."

*Roby v. Bismarck Nat'l Bank*, 4 N.D. 156, 160, 59 N.W. 719, 720–721 (1894). The continued validity of this vendor's lien has been recognized in a long line of cases. See, e.g., *Northwestern Mut. Savings & Loan Ass'n v. Hanson*, 72 N.D. 629, 10 N.W.2d 599 (1943); *D.S.B. Johnston Land Co. v. Whipple*, 60 N.D. 334, 234 N.W. 59 (1930); *Semmler v. Beulah Coal Mining Co.*, 48 N.D. 1011, 188 N.W. 310 (1922).

■ In addition to the vendor's lien arising from the contract, there is also a statutory lien in favor of the vendor. Section 35–20–01, N.D.C.C., provides:

"*35–20–01. Vendor's lien on real property for purchase price authorized.* One who sells real property has a special or vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer."

Although the statute provides that it applies to so much of the price as is "unsecured otherwise than by the personal obligation of the buyer," it has been construed to apply where the vendor sells by contract but retains the legal title. See *In re Estate of Ryan*, 102 N.W.2d 9 (N.D.1960); *D.S.B. Johnston Land Co. v. Whipple, supra.* This statutory lien is additional to and distinct from the lien arising from the contract. See *Roby v. Bismarck Nat'l Bank, supra;* see also, *Rolette County Bank of St. John v. Hanlyn*, 48 N.D. 72, 183 N.W. 260 (1921) (Grace, J., dissenting).

■ The nature of the vendor's lien has been explained in *Weaver v. Blake*, 300 N.W.2d 52, 54–55 (S.D.1980):

"A vendor's lien is the equitable right which the seller impliedly retains to subject the land conveyed as security for payment of the purchase money.... The lien is not the result of any agreement between the vendor and the vendee, or of any intention on the part of the grantor to claim it at the time of conveyance.... Such a lien exists unless it clearly appears from the circumstances attending the transaction that the vendor intended to waive or not to rely upon his equitable rights.... The real basis for the existence of a vendor's lien seems to be the broad equitable principle that a person having obtained the estate of an-

other ought not, in good conscience as between themselves, be allowed to keep it and not pay the purchase price...." [Citations omitted.]

In accordance with the foregoing authorities, we conclude that Mid–America had a vendor's lien on the property. Therefore, under Section 35–27–07, N.D.C.C., Mid–America is not deemed to have authorized the improvements made by Rogers, and Mid–America's interest is not subject to Rogers's mechanic's lien.

Our holding is consistent with the result in cases decided prior to the enactment of Section 35–27–07 in 1961, which held that a contract vendor's interest was not subject to a subsequent mechanic's lien. For example, in *Salzer Lumber Co. v. Claflin*, 16 N.D. 601, 605–606, 113 N.W. 1036, 1037 (1907), the court stated:

"It is clear, however, that the vendor is entitled to the fruits of his contract as he made it, and that liens can be enforced only against the purchaser's interest in the land under the contract. The materialman is simply subrogated to the interest that the vendee had in the contract, and no more. The vendor's rights are not at all to be affected. The vendor is entitled only to the purchase price. He is entitled to the performance of the contract; everything above that represents the vendee's interest."

This line of reasoning was expanded in *Johnson v. Soliday*, 19 N.D. 463, 465, 126 N.W. 99, 100 (1910):

"The vendor holds the legal title, and in relation to mechanics' liens is the holder of the legal title as security for the payment of the purchase price, and the vendee is the equitable owner. Their relations are analogous to those of a mortgagor and mortgagee, where the material or work is contracted for by the mortgagor after the recording of the mortgage. In such case, the lien of the mortgagee is not affected by the mechanic's lien, and we see no reason why the person holding the legal title as security should be placed in a less secure

position than if he only held a mortgage. Salzer Lumber Co. v. Claflin, supra; Rev. Codes 1905, § 6242."

This reasoning has been consistently applied in subsequent cases. See, e.g., *United Accounts, Inc. v. Larson*, 121 N.W.2d 628 (N.D.1963); *Viker v. Beggs*, 53 N.D. 858, 208 N.W. 383 (1925); *North Dakota Lumber Co. v. Haney*, 23 N.D. 504, 137 N.W. 411 (1912).

Rogers contends that these cases are wholly inapplicable because the 1961 Legislature revised the mechanic's lien statutes, resulting in our current provisions.[1] In particular, Rogers points to the change in the definition of "owner" under the statutes. The current definition of "owner" is codified at Section 35–27–01(5), N.D.C.C.:

"5. 'Owner' means the legal or equitable owner and also every person for whose immediate use and benefit any building, erection, or improvement is made, having the capacity to contract, including guardians of minors or other persons, and including any agent, trustee, contractor, or subcontractor of such owner."

Prior to 1961, the relevant provision was Section 35–1201(4) of the Revised Code of 1943:

"4. Owner shall mean and include every person for whose immediate use and benefit any building, erection, or improvement is made, having the capacity to contract, including guardians of minors or other persons; ...."

Our current Section 35–27–07 was also enacted in 1961. Prior to that time, the relevant provision was Section 35–1208, N.D.R.C. of 1943:

"*35–1208. Consent; When Implied.* The owner of the property upon which the labor is performed or for which the materials are furnished shall be presumed to have consented to the performance of such labor or the furnishing of such materials if he had knowledge thereof at the time the labor was performed or the materials furnished and

1. Although *United Accounts, Inc. v. Larson, supra,* was decided in 1963, the events in question had occurred before 1961 and the 1961 amendments were therefore inapplicable.

did not give notice to the person furnishing the same of his objections thereto."

Although Rogers dwells upon the Legislature's amendment of the definition of owner to include "the legal or equitable owner," which would encompass a vendor who holds the legal title, it appears that that provision has no effect upon the construction of the second sentence of Section 35–27–07, N.D.C.C. Although prior to the 1961 amendments the statutory definition of "owner" was clearly relevant in determining whether a party was "presumed to have consented" to the improvements [see Section 35–1208, N.D.R.C. of 1943], the current statutory provision does not even include the term "owner." Rather, Section 35–27–07 provides that "all persons interested" in the land are deemed to have authorized the improvements unless they are bona fide prior encumbrancers or lienors. Thus we do not believe that the Legislature, by changing the definition of "owner," intended to change prior law and subject the interest of a vendor under a contract for deed to a subsequent mechanic's lien.

We believe that the Legislature's intent in amending the definition of "owner" was to clarify that "owner" could mean the legal title holder, the equitable owner, or any other person "for whose immediate use and benefit" the improvement is made. In our early cases there was confusion whether a contract vendee's equitable interest could be subject to a mechanic's lien for improvements made at his request. See, e.g., *Salzer Lumber Co. v. Claflin, supra.* Section 35–27–01(5) must also be viewed in conjunction with Section 35–27–19, N.D.C.C.:

> "*35–27–19. Land subject to lien.* The entire land upon which any building, structure, or other improvement is situated, or to improve which labor is done or materials furnished, including that portion of the land not covered thereby, is subject to all liens created under this chapter *to the extent of all the right, title, and interest of the owner for whose immediate use or benefit the labor was done or materials furnished.*" [Emphasis added.]

Reading the statutory scheme as a whole, we do not believe that the Legislature intended to subject every vendor's interest to subsequent mechanic's liens arising from improvements made at the behest of the vendee, nor did the Legislature intend that every vendor be deemed to have authorized such improvements under Section 35–27–07. Although the statutory scheme has been altered, we find no indication that the Legislature thereby intended to change the result of our earlier cases. We agree with the statement in *Johnson v. Soliday, supra,* 19 N.D. at 465, 126 N.W. at 100, that there exists "no reason why the person holding the legal title as security should be placed in a less secure position than if he only held a mortgage."

Rogers relies upon two Minnesota cases construing Section 514.06, M.S.A., a statute nearly identical to our Section 35–27–07, N.D.C.C., to support its contention that a contract vendor should be deemed to have authorized the improvement and thereby subjected its interest to the lien. In *Korsunsky Krank Erickson Architects, Inc. v. Walsh,* 370 N.W.2d 29 (Minn.1985), Walsh and R.C.E. Corporation entered into several option contracts for R.C.E. to purchase the property. Without exercising the options, R.C.E. contracted with the architects to provide services necessary to develop the property into a shopping center. R.C.E. subsequently declared bankruptcy, and the architects filed mechanic's liens against the property. Although application of the statute to Walsh was apparently not explicitly challenged, the court impliedly held that it applied in concluding that, under the statute, Walsh had knowledge of the improvements and was deemed to have authorized them.

*Walsh* is clearly distinguishable from the instant case. By granting an option, Walsh never parted with either legal title or equitable title, and at all times remained the fee owner. He therefore was not a "bona fide prior encumbrancer or lienor" exempted from the statute.

The second case relied upon by Rogers, *Anderson v. Harrison,* 281 Minn. 95, 160 N.W.2d 560 (1968), is factually similar to

the instant case, but the contract vendor apparently did not assert that he was an encumbrancer or lienor exempt from the statute. Rather, the issue raised was which party bore the burden of proving knowledge of the improvement under the statute. In reaching this issue, the court impliedly held that a contract vendor is an owner who is deemed to have authorized improvements of which he has knowledge. To the extent that *Anderson* implies that under the statute a contract vendor is deemed to have authorized improvements made with his knowledge, we decline to follow it.

■ Rogers also contends that a contract vendor's interest may be subject to a mechanic's lien if the vendor acquiesced in the improvements. Rogers relies upon caselaw which pre-dates the 1961 amendments to Chapter 35-27, N.D.C.C. While we rely on that caselaw to support our conclusion that a contract vendor's interest is not subject to the mechanic's lien, we do not believe that the Legislature intended to perpetuate the "acquiescence" rule. The current statute clearly provides that a contract vendor's interest will be subject to the mechanic's lien if the contract for deed required that improvements be made. If the contract does *not* require improvements, the contract vendor is a prior lienor who is not deemed to have authorized the improvements and whose interest is not subject to the lien. The statute is clear, complete, and was obviously intended to govern all questions of priority of the vendor's interest.

Further support is lent to this conclusion by the last sentence of Section 35-27-07, N.D.C.C., which provides: "As against a lessor no lien is given for repairs made by or at the instance of his lessee, unless the lessor has actual or constructive notice thereof and does not object thereto." In effect, Rogers asks that we apply the same rule to contract vendors. The inclusion of this provision for lessors, however, indicates that the Legislature knew how to provide for an "acquiescence" rule for vendors and did not do so. We find this to be a strong indication that the Legislature did not intend to perpetuate the "acquiescence" rule for contract vendors.

We conclude that Mid–America was a lienor whose interest is not subject to the subsequent mechanic's lien of Rogers. Accordingly, the judgment is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.